TRUDE WEISS, Plaintiff, *v.* FRED LUSTIG, Defendant.

Supreme Court, Trial Term, Kings County, October 26, 1945.

*Harry Sale* for plaintiff.

*Robert Bershad* and *Jack Flamhaft* for defendant.

FENNELLY, J. It is the claim of plaintiff, and it is borne out by the testimony, that in September, 1938, in Vienna, Austria, she delivered to defendant 70,000 Austrian schillings, which in the black market were the equivalent of $5,000 in United States money. At that time defendant had the necessary papers to enable him to come to the United States. The money was given

him upon the express understanding that he would hold its equivalent for plaintiff and deliver it to her when she arrived in the United States.

Other moneys were received by defendant from plaintiff's father to secure visas for plaintiff and her brother. Defendant makes the claim that it was plaintiff's money that was used for this purpose, but the evidence is clear that it was not.

When plaintiff arrived in the United States in May, 1939, and asked defendant for the money, he said he had $5,000, and that it was in a savings bank, and that he would give it to her at the end of the month, as he did not want to break the interest. Two weeks after, he admitted he did not have the money, that he had invested or loaned it to a man named Schlesser.

Defendant contends that, because plaintiff attempted by action against Schlesser to recover her money, plaintiff waived the tort as to him. Conceivably the tort could be waived, but it was not waived by the bringing of that action which was upon the theory of money had and received.

At the time of the transfer in Austria of money from plaintiff to defendant, Germany was in control, and it appears from the testimony that the transfer of moneys to another country was illegal, and that any infraction or violation of this law, was punishable by confinement to a concentration camp or death. As a final defense, defendant alleges that therefore the agreement between plaintiff and defendant, upon which this action is based, is for this reason illegal and void. Defendant contends that, although our courts sympathize with the victims of these oppressive laws, they have uniformly and consistently held that they must be given effect.

The general rule is that within its own territory every government is supreme, and our courts are not competent to review its action.

This court, however, may take judicial notice of the fact that we are not dealing with the laws of a sovereign State, but with a country overrun by bandits, who were issuing their own decrees. To recognize these decrees as the laws of a sovereign State would do violence to every fundamental principle of human justice.

The defendant has been faithless to his trust, he has converted this money entrusted to him in a fiduciary capacity, and judgment is granted against him in favor of the plaintiff. Submit order upon two days' notice of settlement. Pleadings and exhibits with the clerk.